IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MABIE, #35831-044, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNKNOWN PARTY, ) <br> UNITED STATES PUBLIC HEALTH, ) <br> DR. BAGG, PHYSICIAN ASSISTANTS, ) <br> HEALTH SERVICES DIRECTOR, ) <br> PHARMACIST, LT. BROOKS, ) <br> LT. BLAIR, C/O WISE, and ) <br> COUNSELOR BURGESS, ) <br> ) <br> Defendants. ) | Case No. 18-cv-2218-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William Mabie filed a self-styled "Motion for Immediate Injunctive Relief – Medical Necessity" that was opened as a new case on December 27, 2018. (Docs. 1 and 2). He complained that staff at the United States Penitentiary located in Marion, Illinois, confiscated his glaucoma medication and caused him to suffer progressive and permanent vision loss. (Doc. 2). The Court immediately scheduled a hearing to address Plaintiff's motion. (Doc. 8). At the hearing which took place on January 3, 2019, Plaintiff admitted that he was receiving his medication, and the Court was convinced that the Federal Bureau of Prisons ("BOP") would continue to provide him with prescription refills. (Doc. 9). Accordingly, Plaintiff's request for immediate injunctive relief was denied. (*Id.*).

Before proceeding any further with the action, Plaintiff was required to prepay the filing fee or file an application for leave to proceed *in forma pauperis* ("IFP Motion"). Soon after his case was opened on December 27, 2018, the Court specifically ordered Plaintiff to *either* pay the

1

$400.00 filing fee or file an IFP Motion within thirty (30) days (i.e., by January 28, 2019). (Doc. 3). Along with the Order, Plaintiff was provided with a blank IFP Motion. (Doc. 3-1). He was warned that failure to pay the fee or file an IFP Motion by the deadline would result in dismissal of this case without prejudice for failure to prosecute the action. (Doc. 4) (citing FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)). Plaintiff was also advised of his obligation to update his address within seven (7) days of any address change by filing a Notice of Change of Address with the Court. He was warned that failure to do so could also result in dismissal of the case. (Doc. 4).

The deadline for filing an IFP Motion or paying the full filing fee has passed. Plaintiff has not responded to the Court's Order (Doc. 4), and he has not requested an extension of the deadline to do so. Further, he has not updated his address. The BOP's website[1] now lists his location as the United States Penitentiary located in Thomson, Illinois. Plaintiff has clearly failed to comply with the Court's Order dated December 27, 2018. (Doc. 4).

Based on the foregoing, this action is **DISMISSED** without prejudice for failure to prosecute the action and for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as one of the three "strikes" allotted to Plaintiff under 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case; a separate order shall be entered to deduct payment of the filing fee from Plaintiff's account.

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited on Feb. 27, 2019).

**IT IS SO ORDERED.**

**DATED:  February 27, 2019**

                 s/J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **United States District Judge**